UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22027-CV-MORENO
MAGISTRATE JUDGE REID

FRANK WINDFIELD BAIN,

     Plaintiff

v.

MIAMI BEACH POLICE DEPARTMENT, et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff, Frank Windfield Bain, a pretrial detainee currently confined at the Miami-Dade Pretrial Detention Center, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 7]. Plaintiff is suing the Miami Beach Police Department and the State of Florida, alleging that he was unlawfully arrested in 2016. [*Id.*]. For the reasons set forth in this report, Plaintiff's claims should be dismissed.

This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff was previously granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Because Plaintiff is also a prisoner, seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. § 1915A; *Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*).

## II.   Factual Allegations in Plaintiff's Complaint

Plaintiff sues the Miami Beach Police Department and the State of Florida. [ECF No. 7 at 2]. Plaintiff alleges that on March 29, 2016, Officers Monteniso and Villamil, who are not named as defendants in this action, asked him for his identification as he sat in a car in a parking garage in Miami Beach. [*Id*. at 1]. The officers refused to give Plaintiff back his identification and placed him in handcuffs, stating that "they [could] do whatever [they] want[ed]." [*Id*.].

Later, in Villiamil's deposition, he stated that prior to the officers' encounter with Plaintiff, he did not know if Plaintiff had any involvement in "the robbery." [*Id*.]. Nevertheless, they made contact with Plaintiff because he was "driving by" and because "South Beach has a huge gay population." [*Id*.]. After realizing that Plaintiff was not committing a crime, the officers still refused to let him go until a random BOLO call came in, describing "Subject 1 as a black male[,] 20 to 25 years

2

of age[,] having medium length dreads to his neck[,] medium muscular build[,] approximately 5-11 to 6-01 in height, 170-180 lbs[.,] wearing no shirt, jeans and sneakers." [*Id*. at 1-2]. Plaintiff did not match the description: he was wearing a long sleeve black polo shirt and dark blue basketball gym shorts. [*Id*.]. As such, Plaintiff claims that he should not have been a person of interest and should not have been illegally searched and arrested. [*Id*. at 2].

Plaintiff also alleges that the State of Florida filed charges against him even though the alleged victims did not, and refused him a speedy trial, resulting in his detention for more than 50 months. [*Id*.].

As relief, Plaintiff wants the State of Florida to drop all charges against him and $10,000,000 in damages because Plaintiff lost his house and belongings, and has suffered from mental stress, P.T.S.D., paranoia, and insanity as a result of his incarceration. [*Id*. at 10].

### III.    Discussion

A.    Legal Standard

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright*

*v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although, as stated before, a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555)).

B. *Younger* Abstention Doctrine

Review of Plaintiff's pending criminal case related to the facts alleged in the complaint, Miami-Dade Circuit Court Case No. F16-006452-A, reveals that Plaintiff

is still pending prosecution of multiple counts of armed robbery and is scheduled to proceed to trial on December 14, 2020. [*See* Miami-Dade Docket].[1] Construing Plaintiff's amended complaint liberally, it appears that Plaintiff is seeking injunctive relief as he is requesting to "drop all charges." [ECF No. 7 at 10].

"In *Younger* [*v. Harris*, 40 U.S. 37 (1971)], the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances." *See, e.g.*, *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (citing *Younger*, 401 U.S. at 41). This abstention doctrine applies when (1) the challenged proceedings are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise those constitutional concerns. *Adams v. State of Fla.*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Lastly, "the date of filing of the federal complaint is the relevant date for purposes of determining *Younger*'s applicability" because 'the Supreme Court held that *Younger* applies if state court proceedings were pending at the time of the filing of the federal complaint.'" *Hale v. Pate*, 694 F. App'x 682, 683 (11th Cir. 2017)

---

[1] The court takes judicial notice of these dockets. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). A copy of these records has been made part of the Court's record by separate order.

(quoting *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1510 (11th Cir. 1991)) (emphasis in original).

Here, as in *Turner, supra*, the Court should not enjoin the actions of the state court in accordance with *Younger* because (1) Plaintiff's criminal proceedings in Miami-Dade County Circuit Court are pending and began before he initiated this action on April 27, 2020; (2) the criminal proceedings involve important state interests; and (3) Plaintiff could raise his constitutional challenges in his state proceedings or on direct appeal. *See Turner*, 542 F. App'x at 766-67; *see also Hale*, 694 F. App'x at 684. Finally, there is nothing "extraordinary" about the circumstances of this case that would warrant federal action in the pending state court proceedings. *See Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1325 (1983).

Accordingly, all three factors weigh in favor of *Younger* abstention. Thus, any claim for injunctive or declaratory relief should be dismissed without prejudice. *See Old Republic Union Ins. Co. v. Tillis Trucking Co*., 124 F.3d 1259, 1264 (11th Cir. 1997) (*Younger* dismissals should be without prejudice).

C. Dismissal pursuant to § 1915(e)(2)(B)(ii)

In addition to injunctive relief, Plaintiff seeks monetary damages against the Defendants. *See* [ECF No. 7 at 10]. Although a Court may stay an action for monetary damages even when *Younger* applies, *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721 (1996), a stay is not necessary where the Plaintiff fails to state a

claim upon which relief can be granted. *Parris v. Taft*, 630 F. App'x 895, 901 (11th Cir. 2015) (affirming dismissal of § 1983 claim for failure to state a claim where the plaintiff had ongoing criminal proceedings and requested monetary damages as relief). For the reasons set forth below, Plaintiff's claim for monetary damages should not be stayed because he fails to state a claim upon which relief can be granted.

*i. Statute of Limitations*

As discussed above, Plaintiff alleges that he was falsely arrested by officers from the Miami Beach Police Department on March 29, 2016. Plaintiff signed his initial complaint on April 27, 2020. [2] [ECF No. 1 at 20].

Because 42 U.S.C. § 1983 does not contain a specific statute of limitations, § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. Courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Further, the statute, once selected, should govern all §

---

[2] Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *see also Houston v. Lack*, 487 U.S. 266 (1988) (setting forth the "prison mailbox rule"). Here, because there is no prison mail stamp on Plaintiff's initial complaint, it is deemed filed on the date it was signed: April 27, 2020.

1983 actions arising in that state. *See id*. at 275. *See also Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted).

As applied here, the applicable statute of limitations in Florida, where Plaintiff's claim arose, is four (4) years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). *See also* Fla. Stat. § 95.11(3). A four-year statute of limitations is provided under Fla. Stat. § 95.11(3)(o), for actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment or any other intentional tort (with some exceptions not applicable here). Any actions "not specifically provided for in these statutes" are also subject to a four-year statute of limitations. Fla. Stat. § 95.11(3)(p). This includes Plaintiff's allegation that he was falsely arrested by officers from the Miami Beach Police Department. Because this alleged false arrest occurred in March 2016, Plaintiff had four years from the date of the false arrest to file suit. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (stating that an action for false arrest accrues as soon as the allegedly wrongful arrest occurs). *See also Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir. 2008) (same).

The four-year limitations period for Plaintiff's false arrest claim expired on March 29, 2020. As a result, this claim filed on April 27, 2020 is barred by the statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (stating that where the allegations of a complaint show that relief is barred by the statute of limitations, "the complaint is subject to dismissal for failure to state a claim"). Given the foregoing,

Plaintiff's false arrest claim should be dismissed for failure to state a claim upon which relief can be granted.

### ii. Malicious Prosecution

Plaintiff also appears to raise a claim of malicious prosecution against the State of Florida. To state a claim for a § 1983 malicious prosecution claim under federal law, a plaintiff must allege "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Kjellsen v. Mills,* 517 F.3d 1232, 1237 (11th Cir.2008) (internal quotation marks omitted). A claim for malicious prosecution, however, accrues "only once the underlying criminal proceedings have resolved in the plaintiff's favor.*" McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (citation omitted). Accordingly, because he has not yet been acquitted of the charges, any claim of malicious prosecution has not yet accrued and should be dismissed for failure to state a claim upon which relief can be granted.

### iii. Immunity

Plaintiff also cannot state a claim against the State of Florida as a defendant. This is so because the Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. *See Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th

Cir. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Section 1983 does not abrogate state sovereign immunity for damage suits, and Florida has not waived its immunity from section 1983 suits. *See id*. Accordingly, because the State of Florida is immune from suit in this action, Plaintiff's claim against the State of Florida should be dismissed.

Moreover, in Section 1983 actions, the Eleventh Circuit has held that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Under Florida law, it is well-established that a police department does not have the legal capacity to be sued. *See Fla. City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995); *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989). Accordingly, Plaintiff's claims against the Miami Beach Police Department should be dismissed for failure to state a claim upon which relief can be granted.[3]

*iv. Potential State Law Claims*

---

[3] Even if Plaintiff could sue the Miami Beach Police Department, he has failed to allege any facts to suggest that the actions of the officers occurred pursuant to a custom of the police department. *See Monell v. Dep't of Social Svcs*., 436 U.S. 658, 690-91 (1978) (finding that a municipality cannot be sued under § 1983 on the theory of *respondeat superior*, but it may liable based on a custom or policy that permitted the constitutional deprivation to occur). !

10

Here, as discussed above, Plaintiff's § 1983 claims are subject to dismissal for failure to state a claim upon which relief can be granted. Thus, because all of Plaintiff's federal claims should be dismissed, the court should decline to exercise supplemental jurisdiction over any potential state law claims that Plaintiff may seek to raise. *See* 28 U.S.C. § 1367(c)(3).

## IV.   Recommendations

Based on the foregoing, it is **RECOMMENDED** that to the extent Plaintiff is bringing a federal claim for injunctive relief, that Plaintiff's federal claims for injunctive relief be **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine. *See Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (concluding that *Younger*-abstention requires dismissal without prejudice).

Furthermore, because this Court may dismiss Plaintiff's federal claims for monetary damages pursuant to 28 U.S.C. § 1915(e) when appropriate, even when *Younger* is applicable, it is **RECOMMMENDED** that Plaintiff's federal claims for monetary damages be **DISMISSED** against the Defendants.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Frank Windfield Bain
      160133663
      Miami-Dade County-PDC
      Pretrial Detention Center
      Inmate Mail/Parcels
      1321 NW 13th Street
      Miami, FL 33125
      PRO SE